## Case No. 16,280.

### UNITED STATES v. SHOREY.

[9 Int. Rev. Rec. 201.]

Circuit Court, D. New Hampshire. May, 1869.

CRIMINAL LAW—DOUBLE PLEAS—DEMURRER.

S. was indicted for an offense against the tariff act of August 30, 1842 [5 Stat. 548], and pleaded the general issue, and also pleaded specially the statute of limitations, in the crimes act of April 30, 1790 [1 Stat. 112], in bar. *Held*, that double pleading was inadmissible, and the special plea would be stricken out. The defendant might withdraw his plea of not guilty, and demur to the indictment, with leave to plead over should the demurrer be overruled.

The indictment against the defendant [Alanson J. Shorey] is founded upon the 19th section of the act of the 30th of August, 1842, which provides that if any person shall * * * smuggle or clandestinely introduce into the United States any goods, wares or merchandise subject to duty by law, and which should have been invoiced, without paying or accounting for the duty, he shall be deemed guilty of a misdemeanor. Defendant appeared and pleaded the general issue that he was not guilty, and also pleaded especially that he was not guilty at any time within two years next before the finding or institution of the indictment. Allegation of the indictment is that the offence was committed on the 10th of October, 1865, more than two years before the indictment was found and filed in court. The district attorney demurred to the special plea, and the defendant joined in demurrer. Treason and certain other capital offences are defined by the crimes act of the 30th of April, 1790, and the 32d section of that act provides that no person or persons shall be prosecuted, tried, or punished for treason or other capital offence aforesaid, wilful murder or forgery excepted, unless the indictment for the same be found by a grand jury, within three years next after the treason or capital offence aforesaid shall be done or committed. Evidently that provision is limited to the crimes defined in that act, but the section further provides that no person shall "be prosecuted, tried or punished for any offence not capital, nor for any fine or forfeiture under any penal statute, unless the indictment or information shall be found or instituted within two years from the time of committing the offence, or incurring the fine or forfeiture aforesaid."

Before CLIFFORD, Circuit Justice, and CLARK, District Judge.

[See Case No. 16,282.]

## Case No. 16,281.

### UNITED STATES v. SHOREY (two cases).

[9 Int. Rev. Rec. 202.]

Circuit Court, D. New Hampshire. 1869.

COUNTERFEITING—STATUTE OF LIMITATIONS.

S. was indicted for having counterfeit United States notes in his possession and attempting to pass the same at divers times, and pleaded that the indictment had not been found within two years subsequent to the commission of the acts charged. *Held*, that the indictments were barred by the statute of limitations.

CLIFFORD, Circuit Justice. The first indictment charges that the defendant [Alanson J. Shorey] at Portsmouth, on the fifteenth day of September, 1865, attempted to pass counterfeit United States fractional currency treas-

ury notes, and that he had similar notes in his possession with intent to pass the same, and the other charges similar offences, alleged to have been committed on the 20th of September, 1865, under 12 Stat. 712, 713; Id. 347; 13 Stat. 221, § 10. Counterfeiting is a crime recognized in the constitution of the United States, and has been defined as such in the laws of congress since the first crimes act was passed. It was known as such at common law, and is punished as such by the laws of every state in the Union. Regarding the proposition as self-evident, we do not think it necessary to attempt to fortify it by argument. Laws defining such offence, and providing for the punishment of the offenders, are as distinct from crimes arising under the revenue laws of the United States as any two offences can be which are defined by acts of congress, and within the jurisdiction of the federal courts. Persons found guilty of the offence are declared to be guilty of felony, and may be punished by fine not exceeding five thousand dollars, and by imprisonment to hard labor not exceeding fifteen years according to the aggravation of the offence. 12 Stat. 347; 13 Stat. 221.

In one of the indictments the offence is alleged to have been committed on the fifteenth of September, 1865, and on the other on the twentieth of September in the same year, and in each more than two years before the indictment was found. Demurrers are filed in each case by the defendant, because the respective offences were committed more than two years before the indictments were filed by the grand jury. Beyond controversy the case falls within the two years' limitation as provided in the thirty-second section of the act of the thirtieth of April. 1790 [1 Stat. 119], and the conclusion accordingly is that the demurrers must be sustained. Judgment that the respective indictments are barred by the statute of limitations, and that the defendant be discharged.